UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MATERIAL SCIENCES CORPORATION, | Case No. 1:19-CV-1738 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| vs. | MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT IN FAVOR OF MATERIAL SCIENCES CORPORATION |
| AMERICAN ROLL FORMED PRODUCTS CORP., | |
| Defendant. | |

This matter is before the Court on Plaintiff Material Sciences Corporation's Motion for Summary Judgment. (ECF #13). For the reasons set forth below, this motion is GRANTED.

## Background

Material Sciences Corporation ("MSC") filed this lawsuit on July 31, 2019 against American Roll Formed Products Corporation ("American Roll") alleging breach of contract, action on an account, and unjust enrichment. MSC seeks damages in the amount of $196,924.90. (ECF #1). MSC moved for summary judgment in its favor on December 30, 2019. (ECF #13). American Roll filed no brief in opposition.

MSC sold rolled steel products to American Roll for a number of years. The parties' general practice was for American Roll to submit a purchase order to MSC for rolled steel. MSC would then cut and ship the requested quantity to American Roll. The shipment would be accompanied by an invoice which was due thirty days thereafter. (ECF # 1 Ex. 1, 2). In January through March 2018,

American Roll submitted six separate purchase orders to American Roll. For each purchase order, MSC delivered to American Roll the requested amount of rolled steel and provided American Roll with an invoice. American Roll accepted each shipment. For the first two shipments, MSC provided American Roll with one invoice representing the cost of both shipments. As such, all six shipments are represented by five invoices. Other than one $10,000 partial payment made by American Roll on the first invoice, all balances remain outstanding. The total amount due to MSC is $196,924.90. (ECF # 1 Ex. 1, 2, 3). This amount is reflected in American Roll's account statement with MSC. (Todd Decl. ¶ 9). MSC now seeks to recover the outstanding balance of $196,924.90 along with prejudgment and postjudgment interest and costs.

## Discussion

1. <u>Standard of Review</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether summary judgment is appropriate, the court views the "evidence in the light most favorable to the non-moving party." *Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine issue of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

Here, MSC's motion for summary judgment was unopposed because American Roll failed to file a brief in opposition to the motion. However, "even where a motion for summary judgment is unopposed, a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *ETC v. E.M.A.*

*Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014). Even when a party offers no timely response to a motion for summary judgment, a district court cannot "use that as a reason for granting summary judgment without first examining all the materials properly before it under Rule 56(c)." *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979).

MSC presents three alternative theories of recovery: (1) breach of contract; (2) action on account; and (3) unjust enrichment. As such, MSC need only prevail on any one of these theories.

2. <u>Breach of Contract</u>

To establish a breach of contract claim under Ohio law, MSC must show that (1) a contract existed; (2) MSC performed its obligations under the contract; (3) American Roll breached the contract; and, (4) MSC suffered damages. *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006) (interpreting Ohio law). Article II of the Uniform Commercial Code codified in Ohio as O.R.C. § 1302 governs contracts for the sale of goods. *See Int'l Periodic Distribs v. Bizmart, Inc.*, 768 N.E.2d 1167, 1168 (Ohio 2002). Rolled steel constitutes a "good" under the U.C.C. *See* O.R.C. § 1302.01(A)(8).

There is no genuine issue of material fact as to whether a contract existed between the parties. "A contract for the sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." O.R.C. § 1302.07(A). Under O.R.C. § 1302.09(A)(2), "an order or other offer to buy goods for prompt or current shipment shall be construed as inviting acceptance either by a prompt promise to ship or by the prompt or current shipment of conforming or non-conforming goods . . . ." "Generally, the submission of a purchase order is viewed as being an offer which may then be accepted or rejected by the seller." *Am. Bronze Corp v. Streamway Prods.*, 456 N.E.2d 1295, 1300 (Ohio App. 1982). Further, where parties engage in a general practice of using the same procedure when placing and accepting orders, such conduct constitutes a valid acceptance and creates a binding contract between

the parties. *See id.* Here, there is no dispute that parties engaged in a general practice whereby American Roll would submit a purchase order for rolled steel to MSC, and MSC would then promptly cut and ship the requested quantity of steel to American Roll. (Todd Decl. ¶ 2–6). As such, each of the six purchase orders and MSC's shipment in response to those orders constitute a valid and binding contract between the parties.

There is also no dispute that American Roll breached the parties' agreement in failing to pay the invoices in full, and that MSC suffered damages from the breach. American Roll admitted that it owed the amount due on each invoice in its Responses to MSC's Requests for Admissions. (ECF #12). As such, MSC satisfied its burden it proving each element of the *prima facie* case for breach of contract, and no genuine issue of material fact exists. American Roll asserts no defense and failed to oppose MSC's motion for summary judgment. Therefore, MSC is entitled to judgment as a matter of law on its breach of contract claim. As such, it is not necessary for this Court to consider MSC's claims for an action on account or unjust enrichment.

3. <u>Prejudgment and Postjudgment Interest and Costs</u>

MSC also requests that this Court award prejudgment and postjudgment interest and costs in its favor. MSC is entitled to prejudgment interest under O.R.C. § 1343.03 at a rate of 4% from July 27, 2018 through December 31, 2018, and at a rate of 5% for the years 2019 and 2020. *See* O.R.C. § 5703.47; *In the matter of the Determination of the Interest Rate Pursuant to Section 5703.47 of the Ohio Revised Code,* State of Ohio Department of Taxation, Journal Entries Oct. 12, 2017, Oct. 15, 2018, Oct. 15, 2019. MSC is likewise entitled to postjudgment interest under 28 U.S.C. § 1961(a).

## Conclusion

For these reasons, this Court grants summary judgment in Material Sciences Corporation's favor for breach of contract in the amount of $196,924.90 along with prejudgment and postjudgment interest and costs. IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
Senior United States District Judge

DATE: February 18, 2020